UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT A. HOLMAN, | ) | |
|---|---|---|
| Movant, | ) | |
| vs. | ) | Case No. 4:16 CV 838 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Movant Robert A. Holman was convicted in 1997 of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which carries a fifteen-year mandatory minimum sentence. Case No. 4:97CR396 CDP. His advisory sentencing range under the United States Sentencing Guidelines was 235-293 months, and I sentenced him to 264 months' imprisonment. After the United States Supreme Court decided *Johnson v. United States,* 135 S.Ct. 2551 (2015), Holman sought and was granted leave to file a successive Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, which is before me now. Holman argues that his prior Missouri convictions for second-degree burglary and second-degree robbery do not qualify as violent felonies, and that therefore he is not an Armed Career Criminal.

**<u>Discussion</u>**

The Armed Career Criminal Act, 18 U.S.C. §924(e), increases the maximum sentences in felon-in-possession cases from a ten-year maximum to a fifteen-year mandatory minimum and a maximum of life imprisonment if a defendant has three previous convictions for a "violent felony or serious drug offense." The statutory definition of violent felony includes any felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion set out above is referred to as the residual clause, while the listed crimes of burglary, arson, or extortion are often called the "enumerated" crimes. Subsection (i) is referred to as the "elements" or "force" clause.

In *Johnson v. United States*, 135 S.Ct. 2551 (2015) the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague. Holman argues here that he is entitled to relief under *Johnson* because his prior convictions under Missouri's second-degree burglary statute were considered crimes of violence under the now-invalidated residual clause of the ACCA. He also challenges the classification of his conviction for second-degree robbery as a crime of violence.

2

The original Presentence Report in this case concluded that Holman had three Missouri convictions that qualified as violent felonies, making the ACCA applicable. The prior convictions at issue here are:

- A 1981 conviction for Assault First Degree, Burglary Second Degree, and Stealing. Circuit Court of St. Louis County, Docket No. 456718.

- A 1984 conviction for Burglary Second Degree and Stealing. Circuit Court of St. Louis County, Docket No. 520680.

- A 1989 conviction for Robbery Second Degree. Circuit Court for St. Louis County, Docket No. 90CR96.

Holman does not contest that his assault first degree conviction qualifies as a violent felony, but he argues that the burglary second and robbery second do not. Following the procedures established by this District and as ordered by the Court, the parties briefed the motion in this civil case and the United States Probation Office filed a "Resentence Report" in the criminal case. The Probation Office concluded that Holman remained an Armed Career Criminal because the robbery conviction qualified under the elements or force clause and the burglary second convictions qualified under the enumerated clause. The report concluded that the guidelines range of 235-292 months had not changed. Holman filed objections to that report.

The relevant post-*Johnson* law regarding crimes of violence has continued to evolve during the pendency of this case. In *United States v. Bell,* 840 F.3d 963 (8th Cir. 2016), the Eighth Circuit held that a Missouri conviction for second-

3

degree robbery did not constitute a crime of violence under United States Sentencing Guidelines § 2K2.1(a)(4)(A), because Missouri courts had sustained convictions under the statute where the defendant's conduct fell short of using force capable of causing physical pain or injury.  840 F.3d at 966.  In *United States v. Swopes,* 850 F.3d 979 (8th Cir 2016), the Court applied *Bell* to a case brought under the ACCA, noting that the operative text in the statute and the guidelines were the same, and so a conviction under this statute does not qualify under the elements or force clause of the ACCA.  Thus, under the currently prevailing law, Holman's robbery second degree conviction cannot qualify as a predicate for applying the Armed Career Criminal Act.

Additionally, Holman's two convictions for burglary second degree also do not qualify as crimes of violence.  In *United States v. Sykes*, 844 F.3d 712 (8th Cir. 2016) *reh'g denied* No. 14-3139, 2017 WL 1314937 (8th Cir. March 17, 2017), the Eighth Circuit considered whether Missouri's Second Degree burglary statute was a crime of violence under the enumerated clause of the ACCA.  The Missouri statute is violated when one "knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein."  Although this language appears similar to the "enumerated" crime of burglary, it is actually broader than generic burglary because the Missouri statute defines "inhabitable structure" to include things such as a ship, trailer,

4

sleeping car, airplane, or other vehicle or structure. *See e.g. Reeves v. United States,* Civ. No. 16-03078-CV-W-RK, Crim. No. 13-03084-01-CR-S-RK, 2017 WL 1532605 (W. D. Mo. April 27, 2017); *Arender v. United States,* No. 1:15CV153 AGF, 2017 WL 1209371 at *2 (E.D. Mo. April 3, 2017).

In *Sykes* the Court held that the terms "building" and "inhabitable structure" were alternative elements of the crime and not simply alternative means of violating the statute – applying the distinction set out in *Mathis v. United States,* 136 S.Ct. 2243 (2016) – and so the Court should use the modified categorical approach to determine whether the crime in a particular case qualified as a violent felony. *Sykes,* 844 F.3d at 715. A Court using the modified categorical approach may examine pertinent judicial records to determine whether the conviction was for burglary of a building or of an inhabitable structure. *Id.*; *see also United States v. Lamb,* 847 F.3d 928, 930 (2017); *United States v. Phillips*, 853 F.3d 432, 436-37 (8th Cir. 2017); *United States v. Naylor*, No. 16-2047, 2017 WL 1163645 (8th Cir. March 28, 2017) (unreported).[1]

---

[1] The government argues that is a *Mathis* claim and not a *Johnson* claim and so it cannot be raised on this successive § 2255 motion. But without *Johnson's* invalidation of the residual clause, Holman would not have a claim that the ACCA does not apply to him. *See United States v. Cantrell*, 530 F.3d 684, 695 (8th Cir. 2008)(no need to determine if second-degree burglary is enumerated because it was "clearly" a crime of violence under residual clause). It is *Johnson* that opened the door to successive or untimely relief such as sought here. *See Slaughter v. United States*, No. 4:16CV915 CAS, 2017 WL 1196483 (E. D. Mo. March 31, 2017); *Reeves v. United States,* Civ. No. 16-03078-CV-W-RK, Crim. No. 13-03084-01-CR-S-RK, 2017 WL 1532605 (W. D. Mo. April 27, 2017); *Mitchell v. United States*, Case No. 16-03194-CV-S-RK-P, Crim. No. 09-03012-03-CR-1-S-RK, 2017 WL 1362040 (W.D. Mo. April 11, 2017); *Arender v.*

The original Presentence Report in Holman's criminal case did not specify whether Holman's prior second-degree burglary convictions were based on burglary of a "building" or of an "inhabitable structure." The Resentence Report, however, clearly specifies that the charge in each case was for entering an inhabitable structure. The Addendum to the Resentencing Report verifies that the charging documents referred to an inhabitable structure. Therefore, these convictions do not qualify as crimes of violence.

As Holman does not have three qualifying convictions, he is not an Armed Career Criminal. His statutory maximum sentence in this case should have been ten years under 18 U.S.C. § 924(a)(2). He is therefore eligible for immediate release. I will enter an amended judgment in Criminal Case No. 4:97CR396 CDP reflecting the sentence of ten years, and reflecting the correct term of supervised release of three years.

Accordingly,

**IT IS HEREBY ORDERED** that Robert A. Holman's Motion to Vacate, Set Aside or Correct Judgment [1] is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket a copy of this Memorandum and Order in Criminal Case No. 4:97CR396CDP.

---

*United States*, No. 1:15CV153 AGF, 2017 WL 1209371 (E.D. Mo. April 3, 2017); *Hayes v. United States*, No. 4:16CV926 CDP, 2016 WL 4206028 (E.D. Mo. Aug. 10, 2016).

Separate judgments in this case and in the criminal case are entered today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2017.